# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 4419 | DATE | 9/17/2002 |
| CASE TITLE | BEAR STEARNS SECURITIES CORP. vs. PETER CHO | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Status hearing held. Enter Memorandum Opinion And Order. The motion to refer this action to the Bankruptcy Court is granted. The alternative motion to stay is denied as moot. Case is transferred to the U.S. Bankruptcy Court for the Northern District of Illinois.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | SEP 1 8 2002 | |
| | Notified counsel by telephone. | | date docketed | 15 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | LG courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice  mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BEAR STEARNS SECURITIES CORPORATION, )
a Delaware Corporation, )
)
Plaintiff, )
) No. 02 C 4419
v. )
)
PETER CHO, SIMON CHONG, RAVI ) Judge John W. Darrah
YANAMADULA, and USHA NUTHI, )
)
Defendants. )

DOCKETED SEP 18 2002

## MEMORANDUM OPINION AND ORDER

Plaintiff, Bear Stearns Securities Corporation ("Bear Stearns"), filed suit against Defendants, Peter Cho ("Cho"), Simon Chong ("Chong"), Ravi Yanamadula ("Yanamadula), and Usha Nuthi ("Nuthi"), alleging fraud and conspiracy. Presently before the Court is Yanamadula's Motion to Refer The Action to The Bankruptcy Court, or In The Alternative, Stay The Proceedings. Defendant Nuthi has also moved to join Yanamadula's motion.[1]

Cho, Chong, and Yanamadula are former officers, directors or employees of John Dawson & Associates ("JDA"). Nuthi is the wife of a former officer or employee of JDA. JDA was a registered broker/dealer located in Chicago, Illinois, engaged in the purchase, sale, and trading of securities to and on behalf of its own accounts as well as the accounts of its customers. On October 6, 1998, JDA ceased operations following the seizure of its accounts and assets by its clearing broker, Bear Stearns.

On April 13, 1999, the United States Bankruptcy Court for the Northern District of Illinois

---

[1]Leave is granted for Nuthi to join into the present motion.

entered a Decree Order for the liquidation of JDA. In October 2000, the Trustee in bankruptcy for JDA filed an adversary proceeding against Cho, Chong, and Yanamadula (hereinafter "Adversary Proceeding I") for the purposes of recovering damages for conversion of JDA property and funds that were fraudulently transferred from JDA to certain of the Defendants.

In Adversary Proceeding I, the Trustee alleges that JDA's insolvency was a result, in part, of a series of transactions in the Proprietary Accounts by Cho, Chung, Yanamadula, and others, including "as of" and fictitious trades. The Trustee asserts that these Defendants opened a separate Proprietary Account of JDA in late 1997 and early 1998, concealed the existence of one of the Proprietary Accounts, and transferred positions from one account to the other and back and then closed one of the accounts. Such activity operated to conceal JDA's insolvency and its net capital deficiency. The Trustee also asserts that these Defendants made transfers of securities positions from JDA's Proprietary Accounts to other accounts without receiving consideration. Based on the factual allegations, the Trustee asserts claims for conversion by transfers of JDA's funds and securities and violation of the Illinois Uniform Fraudulent Transfer Act. Trial for Adversary Proceeding I is scheduled to begin in early December 2002.

In April 2001, the Trustee filed another adversary proceeding (hereinafter "Adversary Proceeding II"). All of the Defendants in the present law suit are named defendants in Adversary Proceeding II. Adversary Proceeding II was filed on behalf of JDA's customers and creditors to recover damages caused by the Defendants' improper conduct from December 1997 to October 1998. The Trustee seeks to recover assets misappropriated and dissipated by the Defendants after JDA became insolvent in December 1997. Trial for Adversary Proceeding II is scheduled to begin in early January 2003.

In July 1999, the Trustee filed an adversary complaint against Bear Stearns, seeking a turnover of JDA's assets and accounts which Bear Stearns seized on October 6, 1998. Bear Stearns filed its answer to the turnover action and filed a counter-claim against JDA in November 1999.

In July 2002, Bear Stearns filed suit in this Court. In this suit, Bear Stearns asserts causes of action for fraud and conspiracy. The alleged misconduct by the Defendants in Bear Stearns' instant suit is the same as the alleged misconduct as alleged in the Adversary Proceedings. For example, Bear Stearns' allegations relating to the improper transfer of funds from JDA's "Back to Work" program are almost verbatim to the allegations in the Trustee's Complaint in Adversary Proceedings II. Bear Stearns' allegations relating to manipulative options transfers and manipulative securities transactions are also virtually identical to allegations found within Adversary Proceeding II.

Yanamadula seeks to refer this suit to the bankruptcy court because the claims in the instant suit are related to the claims in the bankruptcy proceedings of JDA.

Yanamadula asserts that the facts that give rise to the Adversary Proceedings in the bankruptcy court are the same or substantially similar to the facts alleged in the present suit. Plaintiff argues that the instant claims are different from the claims in the Adversary Proceedings. However, Plaintiff does not dispute that the facts underlying the claims in the instant suit and the Adversary Proceedings are the same or substantially similar. A review of the Adversary Proceedings and the instant suit supports Yanamadula's assertion that the facts underlying the instant suit and the Adversary Proceedings are the same or substantially similar.

Section 1334(b) provides that "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title

3

11." 28 U.S.C. § 1334(b). The "district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district. 28 U.S.C. § 157(a). Internal Operating Procedure 15(a) for the Northern District of Illinois provides that "[p]ursuant to 28 U.S.C. § 157(a), any and all cases under Title 11 U.S.C. and any and all proceedings arising under Title 11 U.S.C. or arising in or related to any case under Title 11 U.S.C. are referred to the bankruptcy judges of this District." A "related" claim is a claim involving the debtor or a third party that is based on non-bankruptcy law, typically a state law claim, which will impact the estate of the debtor or the allocation of property among creditors. *See In re Chapman*, 269 B.R. 201, 206 (N.D. Ill. 2001); *Janazzo v. Fleetboston Fin. Corp.*, 2002 WL 54541 (N.D. Ill. Jan. 15, 2002).

Bear Stearns is a party to the bankruptcy proceeding and has filed suit against the same individuals that are named defendants in the Adversary Proceedings now pending in the bankruptcy court. The alleged misconduct of the Defendants is the same in both the instant suit and the Adversary Proceedings, and Bear Stearns seeks to recover the same monies that the Trustee seeks to recover in the pending Adversary Proceedings. A judgment in favor of Bear Stearns in this action will deplete the funds potentially available in the bankrupt estate as the Defendants cannot be required to repay twice the monies they allegedly converted or fraudulently conveyed. Accordingly, Bear Stearns' instant suit will have an impact on the estate of the debtor and the allocation of property among JDA's creditors. Therefore, the instant case is related to the bankruptcy proceeding.

For the foregoing reasons, Nuthi's Motion to Adopt and Join Motion of Defendant Ravi Yanamadula to Refer This Action to The Bankruptcy Court or, In The Alternative, to Stay These

Proceedings is granted. The Motion to Refer This Action to The Bankruptcy Court is granted. The alternative Motion to Stay is denied as moot.

Dated: September 17, 2002

JOHN W. DARRAH
United States District Judge